# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **VERONA ENTERGY INC.** | * | **CIVIL ACTION NO.  15-2893** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **J K PETROLEUM INC.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 8] filed by Plaintiff Verona Entergy Inc. ("Verona").  Defendant J. K. Petroleum Inc. ("J. K. Petroleum") opposes the motion. [doc. # 10].  For reasons stated below, the motion to remand is DENIED.[1]

## Background

On November 6, 2015, Verona filed the above-captioned suit against J. K. Petroleum in the Sixth Judicial District Court for the Parish of Tensas, State of Louisiana.  [doc. # 1-3]. Plaintiff's suit stems from an oil and gas operating agreement between Verona and J. K. Petroleum executed on May 13, 2003.  *Id.* at 1.  Plaintiff alleges J. K. Petroleum did not pay its pro-rate share of expenses under the agreement between January 2015 to October 2015, totaling $227,651.50.  *Id.* at 2.  On September 18, 2015, Plaintiff filed a privilege statement in Tensas and Franklin Parishes seeking liens against J. K. Petroleum under La. Rev. Stat. § 9:4861 *et seq.*

---

[1]  As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

*Id.* at 3.  Plaintiff seeks recognition of the lien, recovery of J. K. Petroleum's alleged expenses totaling $227,651.50, foreclosure against the property that is subject to the lien and "any other equitable relief" to which Verona might be entitled.  *Id.* at 5.

On December 29, 2015, Defendant removed the instant case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal [doc. # 1]).  On February 29, 2016, Plaintiff filed a motion to remand this matter to state court on the basis of abstention. [doc. # 8].  Briefing is now complete; the matter is before the court.

## Law and Analysis

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a).  "The removing party bears the burden of showing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).

J. K. Petroleum invoked this court's jurisdiction on the basis of diversity, which requires complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332(a).  Both  requirements are satisfied here.  First, the parties are completely diverse:  Plaintiff is incorporated in Louisiana, with its principal place of business in this state; Defendant is incorporated in California, with its principal place of business in California.  (Notice of Removal, ¶ 4).  Second, because Verona is seeking $227,651.50 in damages, the amount in controversy is satisfied.  *See* Petition, ¶ 8.

Generally, remand of a case that has been removed to federal court is governed by 28

2

U.S.C. §§ 1441(c) and 1447(c).  *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993).  Under these statutory provisions, the district court has authority to remand under the following limited circumstances,

> 1) it has discretion to remand state law claims that were removed *along with one or more federal question claims*; 2) it must act on a timely motion to remand based on a defect in removal procedure; and 3) it must remand a case over which it has no subject matter jurisdiction.

*Id.* (emphasis added).  Verona does not seek remand on any of the foregoing grounds.  Indeed, none are present:  the instant state law claims are *not* joined with a federal question claim; no defect is alleged in the removal procedure; and the court unequivocally enjoys subject matter jurisdiction.

Plaintiff argues that the *Buford*, *Thibodaux*, and *Younger* abstention doctrines apply in this case and should result in remand based on these doctrines. [doc. # 8-1, p. 2].  The Court concludes that none of these cited and well recognized avenues to abstention apply.

## I.    *Buford* Abstention Doctrine

Plaintiff first argues that abstention is proper under the doctrine set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).  *Burford* abstention applies in (1) cases involving difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case or (2) where federal adjudication of the case would disrupt state efforts to establish a coherent policy with respect to matters of substantial public importance. *Munich American Reinsurance Co. v. Crawford*, 141 F.3d 585, 589 (5th Cir. 1998).  Plaintiff argues that *Burford* abstention is proper because action by this Court would be disruptive to state efforts to establish a coherent policy with respect to the regulation of the oil and gas industry. [doc. # 8-1, p. 4].

3

As the Supreme Court explained in *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 362 (1989), "[w]hile Burford is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy."  The crux of *Burford* abstention is the extent to which the Court's inquiry would "unduly intrude onto the processes of state government or undermine the State's ability to maintain desired uniformity." *Id.* at 363. In the present case, it may be true that Louisiana has set up a comprehensive scheme for the enforcement of oil and gas obligations.  The Court's inquiry in this case, however, is limited to whether J. K. Petroleum violated the operating agreement by allegedly failing to pay its pro-rata share of expenses.  A limited inquiry into whether the defendant complied with the operating agreement does not invoke the concerns that underlie *Burford* abstention.  Thus, the Court finds that Burford abstention is not proper in this case.

## II.      *Thibodaux* **Abstention**

Plaintiffs also argue the Court should abstain from exercising jurisdiction in this case based on the *Thibodaux* doctrine.  *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S. Ct. 1070, 3 L. Ed. 2d 1058 (1959).  The *Thibodaux* case involved eminent domain issues. The Supreme Court stated that when a case involves the relationship between city and state or the reach of an uninterpreted state statute that is "of questionable constitutionality," federal district courts have been required to stay the proceedings pending a state court determination of the state law issues.  *Id.* at 27-28.  The record does not support, and Plaintiffs have not established, any reason why the state statute here (La. Rev. Stat. § 9:4861 *et seq.*) is of

questionable constitutionality.  The Court can discern nothing from the record establishing that a state court must first make a determination of any state law at issue in this case before proceeding in this Court.  Therefore, the *Thibodaux* doctrine is not applicable.

## III.  *Younger* Abstention

Abstention under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed.2d 669 (1971), "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995) (citing *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S. Ct. 82, 126 L. Ed. 2d 50 (1993)).  In *Younger*, the Court was concerned with federal court interference with a state's ability to function.  *Royal Ins. Co. of America v. Quinn–L Capital Corp.*, 3 F.3d 877, 886 (5th Cir. 1993) (citing *Younger*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669).  By blocking proceedings involving state governments, federal courts could interfere unduly with the state's ability to govern.  *Id.*

The Court finds that the *Younger* doctrine does not apply in the instant case. *Younger* abstention can be applied to "state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings, the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim." *Id.* at 1490 (citing *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627, 106 S. Ct. 2718, 2722–23, 91 L. Ed. 2d 512 (1986)).  As the *Younger* Doctrine applies to constitutional challenges to state criminal or disciplinary activities, the two critical elements required before considering *Younger* are absent

5

from the instant matter: a constitutional challenge and an on-going state disciplinary or criminal proceeding.  And even where the *Younger* Doctrine has been extended into the civil realm, the state or a state actor is almost invariably a party in interest.  *See Watershed Software Group, LLC v. Camping Companies, Inc.*, 2002 WL 31528464 (E.D. La. Nov.8, 2002) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975) (state suing pursuant to public nuisance statute); *Juidice v. Vail*, 430 U.S. 327, 97 S. Ct. 1211, 51 L. Ed. 2d 376 (1977) (federal injunction sought against state judge seeking to employ statutory contempt procedures); *Trainor v. Hernandez*, 431 U.S. 434, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977) (state suing civilly rather than criminally for welfare fraud); *but see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)).

The State is not a party to this action, and the Court finds that any potential State interests in the proceeding are not "so important that exercise of the federal judicial power would disregard the comity between the States and the National Government."  *See Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008).  Therefore, the Court finds that the *Younger* doctrine does not apply in the present case.

Under these circumstances, the court does not enjoy the discretion to remand the case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355-56, 108 S. Ct. 614, 622 (1988) (citing *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S. Ct. 584 (1976)).  Indeed, the "federal courts have a virtually unflagging obligation to exercise the jurisdiction conferred upon them."  *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 421 (5th Cir. 2002) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976)).

6

**<u>Conclusion</u>**

For the above-assigned reasons,

IT IS ORDERED that Plaintiff's motion to remand [doc. # 8] is hereby DENIED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 11th day of April

2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE