UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **VERONA ENERGY INC.** | * | **CIVIL ACTION NO. 15-2893** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **J K PETROLEUM** | * | **MAG. JUDGE KAREN L. HAYES** |

## ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery responses and a request for associated fees, [doc. # 39], filed by defendant, J K Petroleum. The motion is unopposed. *See* doc. #40. For reasons assigned below, the motion is GRANTED.

## Background

On July 11, 2016, defendant served plaintiff with its first set of discovery requests. [doc. #39, Exh. 6]. On September 12, 2016, the parties filed a joint motion to extend discovery deadlines. [doc. #19]. On September 13, 2016, the undersigned granted that motion and issued an order that plaintiff shall (1) provide written responses to discovery on or before October 10, 2016; and (2) produce certain named corporate representatives for depositions to be completed on or before October 15, 2016. [doc. #20]. The order also required defendant to produce a corporate representative for deposition to be completed on or before October 15, 2016. *Id.*

Plaintiff provided written responses to discovery on October 11, 2016. [doc. #39, Exh. 7]. Defendant argues that those responses were evasive, incomplete, and unverified. *Id.* at 2.

As of December 5, 2016, plaintiff did not agree to provide supplemental written responses and corporate depositions have still not occurred or been scheduled. Therefore,

1

defendant filed the instant motion to compel. Plaintiff did not file a response to the motion, and the time do so has lapsed. *See* doc. # 40. Accordingly, the motion is unopposed. *Id.*

## Analysis

Rule 37 of the Federal Rules of Civil Procedure specifies that a party seeking discovery may move for an order compelling an answer, production, or inspection if a party, *inter alia*, fails to answer an interrogatory or fails to produce requested documents. FED.R.CIV.P. 37(a)(3)(B)(iii-iv). An evasive or incomplete response is treated as a failure to respond. *Id.* at (a)(4).

Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.*, No. A B-05-191, 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citing *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D. N.J. 1996)). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *Quarles*, 894 F.2d at 1485. Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id*.

The Court finds that the information requested by defendant in its first set of discovery requests is relevant or will lead to the discovery of admissible evidence. The Court further finds that the few responses provided by plaintiff are incomplete or vague. Furthermore, considering plaintiff's unexplained failure to respond to the instant motion to compel, plaintiff has failed to

carry its burden that its many objections are substantiated. Accordingly, the Court finds that the motion to compel should be granted.

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that defendant's motion to compel [doc. # 39] is hereby GRANTED. Within the next fifteen (15) days from the date of this order, plaintiff shall provide supplemental, complete responses to defendant's first set of interrogatory nos. 1-8 and requests for production nos. 1-3, 5-10, 12, 17-18, 21-24 that formed the basis for this motion.

IT IS FURTHER ORDERED that plaintiff shall produce a corporate representative, William McDonald, Biff Partridge, and Johnny Junkin for depositions to be completed within thirty (30) days of providing the aforementioned discovery responses.

IT IS FURTHER ORDERED that plaintiff pay attorney's fees in the amount of $500.00 to defendant J K Petroleum, with proof of payment filed in the record of these proceedings within 15 days of the date of this order.

In Chambers, at Monroe, Louisiana, this 3rd day of January 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE